IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN MALONE, | Case No. 1:09-cv-01397 JLT (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| vs. | |
| J. JONES, | (Doc. 1) |
| Defendant. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court is Plaintiff's complaint filed August 11, 2009.

**I.     SCREENING**

  **A.     Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.      Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.      Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v.

Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests.  Although a complaint need not outline all the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Vague and conclusory allegations are insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   BACKGROUND

In his complaint, Plaintiff identifies Inmate Appeals Coordinator J. Jones as the sole defendant to this action.  Plaintiff alleges that on January 20, 2009, he lodged a group inmate grievance regarding the use of pepper spray in his living section.  According to Plaintiff, however, Defendant Jones improperly screened-out the grievance pursuant to a non-existent regulation, California Code of Regulations, Title 15, section 3084.2(jj).  Plaintiff alleges that he subsequently filed several complaints regarding Defendant Jones' actions but to no avail.  Accordingly, Plaintiff has filed the instant civil rights action, claiming that Defendant Jones violated his rights under the First Amendment.  In terms of relief, Plaintiff seeks monetary damages and declaratory relief.  (Doc. 1 at 1-32.[1])

## III.  DISCUSSION

It is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right.  See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-

---

[1] Plaintiff's complaint is not paginated.  Therefore, for the sake of consistency, the Court will cite to the pages of the complaint as they appear on CM/ECF.

1  2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison

2  officials screened-out his inmate grievances without any basis failed to show a deprivation of federal

3  rights). Accordingly, Plaintiff's allegation that Defendant Jones improperly screened-out his inmate

4  grievance fails to state a cognizable claim.[2]

5        The Court declines to provide Plaintiff with leave to amend. "Under Ninth Circuit case law,

6  district court are only required to grant leave to amend if a complaint can possibly be saved. Courts are

7  not required to grant leave to amend if a complaint lacks merit entirely." Lopez, 203 F.3d at 1129. Here,

8  Plaintiff's First Amendment claim regarding the screening of his inmate grievance cannot possibly be

9  saved by amending the complaint to include additional facts. As explained above, Plaintiff's claim

10 plainly lacks legal merit. Accordingly, at this time, the Court will dismiss this action, with prejudice,

11 for failure to state a cognizable claim.

12 **IV.   CONCLUSION**

13       For the reasons set forth above, it is HEREBY ORDERED that:

14     1.   This action is dismissed, with prejudice, for failure to state a cognizable claim;

15     2.   This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and

16     3.   The Clerk of the Court is directed to enter judgment and close this case.

17

18 IT IS SO ORDERED.

19 Dated:   **October 29, 2010**                    **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE

---

26     [2] In any event, it appears that Plaintiff is mistaken in arguing that Defendant Jones improperly screened his
27 grievance pursuant to a non-existent regulation. Defendant Jones does not cite to California Code of Regulations, Title 15, section 3084.2(jj) as Plaintiff contends. Rather, it appears that Defendant Jones cites to section 3084.2 (the general provision
28 for preparing an inmate appeals), and the "jj" included thereafter is not a subsection, but rather is Defendant's initials denoting the end of his comments. (See Compl. at 13.)